IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01142-PAB-KMT

JUSTIN SIDWELL and
TERRI SIDWELL,

      Plaintiffs,

v.

GERALD McCOY and
C.R. ENGLAND GLOBAL TRANSPORTATION, a Utah Corporation,

      Defendants.

---

# ORDER

---

This matter is before the Court on a Joint Motion to Remand to State Court [Docket No. 27] filed by plaintiffs Justin Sidwell and Terri Sidwell ("plaintiffs") and defendants Gerald McCoy and C.R. England Inc. ("C.R. England").

On March 24, 2014, plaintiffs filed a complaint and demand for jury trial in Weld County District Court. Docket No. 1-4 at 1. Plaintiffs' complaint alleged that plaintiffs were residents of Colorado, defendant C.R. England was a Utah corporation, and defendant Gerald McCoy was a resident of Ohio. *Id.* at 1, ¶¶ 1-3. On April 22, 2014, C.R. England filed a notice of removal, claiming that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 4.

According to the motion to remand, Mr. McCoy currently resides in Ohio and accepted service there on August 6, 2014. Docket No. 27 at 2, ¶ 4. However, on August 26, 2014, the parties discovered that at the time plaintiffs filed their complaint,

Mr. McCoy resided in Colorado Springs, Colorado.  *Id.* ¶ 5.  As a result, and presumably determining that Mr. McCoy was a citizen of Colorado at the time the complaint was filed, the parties believe that this Court lacks subject matter jurisdiction because there was not complete diversity of citizenship at the time plaintiffs filed their complaint in state court.  *Id.* ¶ 6 (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004)).  The following day, the parties jointly moved to remand the case to state court.

Although *Grupo Dataflux* involves a case originally filed in federal court, 541 U.S. at 568, and, as a result is not completely analogous to this case, which was removed, the parties are correct that diversity of citizenship must exist both at the time the original action was commenced and at the time of removal.  *Stevens v. Nichols*, 130 U.S. 230, 231 (1889)*; Burnham v. First Nat'l Bank of Leoti*, 53 F. 163, 165 (8th Cir. 1892); *Farm Bureau Mut. Ins. Co., Inc. v. Eighmy*, 849 F. Supp. 40, 42 (D. Kan. 1994) ("It is well established that when diversity of citizenship is the basis for removal jurisdiction, it must exist both at the time the original action is filed in state court and at the time removal is sought") (citations omitted).

Based on the representation of the parties that defendant Gerald McCoy was a citizen of Colorado when plaintiffs originally brought their action in state court, the Court finds that it lacks subject matter jurisdiction over this action.

For the foregoing reasons, it is

**ORDERED** that the parties' Joint Motion to Remand to State Court [Docket No. 27] is **GRANTED**.  This case is remanded pursuant to 28 U.S.C. § 1447(c) to the

District Court, Weld County, Colorado, where it was filed as Case No. 2014CV30278.

DATED August 29, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge